

**ORDERED in the Southern District of Florida on March 24, 2011.**

_____
**A. Jay Cristol, Judge
United States Bankruptcy Court**

_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA**

In re

GARY DAVID GRUENBERG and                    Case No. 10-36992-BKC-AJC
SYLVIE GRUENBERG,

        Debtors.
_____/

### ORDER GRANTING DEBTORS' MOTION TO VALUE REAL PROPERTY AND DETERMINE STATUS OF LIEN HELD BY WILLIAMS ISLAND PROPERTY OWNERS ASSOCIATION AND 1000 ISLAND BLVD CONDO ASSOCIATION (CP 32)

THIS MATTER came before the Court on March 3, 2011 for evidentiary hearing on Debtors' Motion to Value Real Property and Determine Status of Lien Held by Williams Island Property Owners Association and 1000 Island Blvd. Condo Association (CP 32). The Court, having heard the testimony of witnesses on behalf of the parties, having considered exhibits admitted into evidence at the hearing, and having heard argument of counsel, makes the

following findings of fact and conclusions of law, which are stated more specifically on the record at the hearing.

Respondents have claims against the Debtors for outstanding property association dues. The Debtors assert respondents' claims are wholly unsecured claims, as the first mortgage on the property far exceeds the value of same and no equity remains for the respondents to secure their claims. Accordingly, Debtors argue any claimed liens of the respondents should be stripped off the property.

The Debtor, Gary Gruenberg, stated in his motion that he believes the value of the subject real property is $280,000. The respondents presented the testimony of a real estate salesperson, not a licensed broker, who indicated she believed the property was valued at $470,000.

Upon consideration, the Court is not impressed with the testimony of respondents' witness. The Court believes a registered and licenced real estate broker may testify as to the value of property as an expert witness, but the law does not provide a salesperson, unlicensed and unregistered, to qualify as an expert as to valuation. The Court believes the most accurate statement of value is derived from the property appraiser's estimate. The property appraiser values the property at $210,000. And, after allowing a typical 15% increase to that value to adjust to market conditions, the Court finds the value of the property is closest to approximately $245,000. However, given that the Debtors have already pled that the property value is $280,000, the Debtors are estopped from arguing that the value of the property is less than the $280,000 stated.

Notwithstanding a value of $280,000, the Court finds there is still no equity to secure the respondents claims. As of the petition date, the Debtors' homestead was subject to a first mortgage. The outstanding amount of the first mortgage, with interest and other fees and

charges, is approximately $480,000. Thus, even if the Court accepted the respondents' salesperson's unfounded value of $470,000, the Court concludes the property is still under water and respondents claims are still wholly unsecured. Thus, any liens resulting from the respondents' claims are stripped off the property. Of course, if the property is foreclosed by the first mortgage holder, then the respondents would, in accordance with Florida law, be entitled to payment by the mortgagee of maintenance in arrears for a certain period of time, as set forth by statute.

The Court finds that as of the petition date herein there was no equity in the Debtors' homestead over and above the senior encumbrances of the first mortgagee to secure the liens of either Williams Island Property Owners Association or 1000 Island Blvd Condo Association. Therefore, Williams Island Property Owners Association and 1000 Island Blvd Condo Association have secured claims in the amount of zero dollars and zero cents.

It is well settled law that where a lienor's collateral value is insufficient to support at least part of the lien, the creditor does not hold a secured claim for purposes of bankruptcy, and its lien can be "stripped off" the collateral. *In re Tanner*, 217 F.3d 1357 (11th Cir. 2000). Seven other Courts of Appeals, including the First, Second, Third, Fifth, Sixth, Ninth and Tenth, have reached this conclusion. Notwithstanding, this Court believes equity demands that the claimants be allowed the opportunity to assert general unsecured claims upon a determination that a mortgage is unsecured by the value of the collateral. Accordingly, it is

ORDERED AND ADJUDGED that the Motion is GRANTED and any liens on the Debtors' homestead property in favor of Williams Island Property Owners Association and 1000 Island Blvd Condo Association for outstanding maintenance/association dues are not secured, in any amount, and are therefore AVOIDED **upon entry of the Debtors' discharge in this Chapter 13 case**. If this

case is converted to a case under any other chapter or if the Chapter 13 case is dismissed, Williams Island Property Owners Association and 1000 Island Blvd Condo Association liens are not avoided and shall remain in full force and effect.  It is further

       ORDERED AND ADJUDGED that Williams Island Property Owners Association and 1000 Island Blvd Condo Association are allowed thirty (30) days from entry of this order within which to file a proof of claim for any unsecured claim each may have in this case.

###

Copies furnished by Clerk of Court to:

Debtors
Peter Spindel, Esq.
Jeffrey Berlowitz, Esq.